# Supervalu Inc. v. Construction Engineering Consultants Inc.

C.P. of Allegheny County, no. GD02-18944.

*Joseph L. Luciana,* for plaintiff.
*Brian W. Ashbaugh* and *Steven P. Engel,* for defendant CEC.
*Joseph J. Bonistalli,* for defendant Ground Technology Inc./D'Appolonia Engineering Division.
*William J. Moorhead* and *Julia E. Snow,* for defendant Rossman Hensley Inc.
*William S. Ferraro,* for defendant Service Engineering.
*Francis X. McTiernan Jr.,* for additional defendant.

WETTICK JR., *A.J.,* April 8, 2004—The motion of Construction Engineering Consultants Inc. (CEC) for a ruling that it is not required to file a certificate of merit with respect to its claim against additional defendant Planmark Inc. or, in the alternative, to extend the deadline for filing a certificate of merit is the subject of this opinion and order of court.[1]

Pa.R.C.P. 1042.3(c)(2) excuses a defendant who has joined a licensed professional as an additional defendant from filing a certificate of merit "unless the joinder is based on acts of negligence that are unrelated to the acts

___

1. This motion was filed within 60 days of Construction Engineering's filing of the complaint to join Planmark Inc. as an additional defendant.

of negligence that are the basis for the claim against the joining party." The parties disagree over the scope of this provision excusing the joining party from filing a certificate of merit.

This is a lawsuit by the owner of a building to recover damages for losses incurred as a result of construction defects. The owner has raised claims against CEC based on CEC's subsurface investigation of the soil conditions. In paragraph 52 of plaintiff's complaint, plaintiff alleges that CEC was negligent in the exercise of professional judgment through:

"(a) failure to conduct a geotechnical investigation in accordance with good professional judgment and industry standards;

"(b) failure to provide a proper geotechnical basis and design criteria for the engineered slope and retaining wall system in accordance with good professional judgment and industry standards;

"(c) failure to provide the geotechnical basis and design criteria for the building foundation in accordance with good professional judgment and industry standards;

"(d) failure to inspect, test and supervise the earthwork and retaining wall construction in accordance with good professional judgment and industry standards;

"(e) failure to supervise, coordinate and check the work of its consultant in accordance with good professional judgment and industry standards; and

"(f) failure to investigate and correct deficiencies in its work in accordance with good professional judgment and industry standards."

In paragraph 53, plaintiff alleges that this negligence proximately caused or contributed to the property dam-

age and loss of use of property suffered by plaintiff and the costs, expenses, and damages described in the complaint.

CEC's complaint against Planmark Inc. is based on the following acts of negligence: Planmark should not have changed the location of the supermarket or authorized a different design for a retaining wall, and it should have followed CEC's recommendations with respect to the design of the foundation.

In paragraph 58 of its complaint, CEC alleges:

"(58) CEC asserts that to the extent plaintiff sustained any of the damages alleged in its complaint, any such damages are solely the result of additional defendant Planmark's decision to change the location of the supermarket, its decision to authorize a different design for the retaining wall, or its refusal to follow the CEC recommendations with respect to the design for the supermarket foundation."

Planmark contends that the claims against the original defendant are not related to the claims against Planmark because the claims against Planmark will require different evidence and different experts. CEC agrees with Planmark that the claims are not the same. However, it contends that the term "related" should have a broader meaning. The claims are related because both claims will involve the presentation of evidence as to the cause of the collapse and who is responsible for the collapse. Thus, CEC's claims against Planmark are related to plaintiff's claims against CEC under the accepted meaning of the term "related."

I agree with Planmark that Rule 1042.3(c)(2) requires CEC to file a certificate of merit. The language of this

provision supports Planmark's position. The issue is not whether the claims are related. This rule, instead, refers to a joinder based on "acts of negligence" that are unrelated to the "acts of negligence" that are the basis for the claims against the joining party. Acts of negligence are not related if they involve different activities and if different expert testimony is required for the defendant to establish its professional negligence claim against the additional defendant.

The purpose of Pa.R.C.P. 1042.1 et seq. is to protect licensed professionals from expending resources to defend professional liability claims that may never be substantiated by expert testimony, by requiring the party raising the claim to obtain a statement from an appropriate licensed professional that there exists a reasonable probability that the care, skill, or knowledge of the party being sued fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. The protection extends to claims raised against licensed professionals by defendants and additional defendants.[2]

A certificate of merit is required whenever the plaintiff raises a professional liability claim (Rule 1042.3 (a)); whenever the defendant files a counterclaim asserting a claim for professional liability (Rule 1042.3 (c)(1)); and

---

2. I recognize that in this case CEC's complaint also incorporates the allegations contained in plaintiff's complaint. CEC, even if it does not file a certificate of merit, may pursue these claims under the provision of Rule 1042.3(c)(2) that the joining party need not file a certificate of merit where the joinder is based on the same acts of negligence that are the basis of plaintiff's claim against the joining party. Thus, any judgment of non pros would not include the allegations in CEC's complaint which expressly incorporate the allegations contained in plaintiff's complaint.

whenever the defendant or additional defendant asserts a professional liability claim (Rule 1042.3(c)(2)). A separate certificate of merit must be filed as to each licensed professional against whom a claim is asserted (Rule 1042.3(b)). Thus, the purpose of these rules is to bar any party from pursuing a professional liability claim against a licensed professional unless that party or some other party has a written statement from an appropriate licensed professional supporting a claim that the care, skill, or knowledge exercised by this licensed professional fell outside acceptable professional standards and that the conduct was a cause in bringing about the harm.

For these reasons, I enter the following order of court:

## ORDER

On April 8, 2004, it is hereby ordered that:

(1) Defendant Construction Engineering Consultants Inc.'s motion for a ruling that it is not required to file a certificate of merit with respect to its claims against additional defendant is denied; and

(2) Construction Engineering Consultants Inc.'s deadline for filing a certificate of merit in connection with its complaint to join additional defendant is extended until May 4, 2004.